UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ANTWAN ORTA,
and JAYQUAN HARRINGTON,

                Plaintiffs,

    -against-

THE CITY OF NEW YORK,
and JOHN DOES 1-2,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Plaintiffs Antwan Orta and Jayquan Harrington, by their attorneys, Lumer & Neville, as and for their Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff Antwon Orta was an adult male resident of Kings County, in the State of New York.

2. At all times hereinafter mentioned, plaintiff Jayquan Harrington was an adult male resident of Kings County, in the State of New York.

3. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all relevant times hereinafter mentioned, defendants John Doe 1 and

2 were adult males whose actual identities are unknown to plaintiffs and who were employed by the the City of New York as members of the NYPD. The Doe defendants are sued herein in their official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7. On May 10, 2013, at or about 9:30 p.m., plaintiffs were lawfully present on a walkway in the vicinity of 5810 Farragut Road in Brooklyn, New York.

8. Plaintiffs were not engaged in any criminal activity, nor were they engaged in any conduct that could reasonably be mistaken for criminal activity.

9. The Doe defendants appeared on the scene, at which time they were wearing NYPD uniforms and appeared to be on duty.

10. The Doe defendants stated that they smelled marijuana and arrested plaintiffs.

11. Plaintiffs were transported to a local area NYPD station house, where they were imprisoned for a period of hours, and where their arrests were processed, under arrest numbers K13643033 and K13643024.

12. The plaintiffs, still in defendants' custody, were transported to Kings County Central Booking, where they were imprisoned for many more hours.

13. The plaintiffs were searched at the scene of their arrest and again later while still in defendants' custody. Neither search yielded any evidence of guns, drugs, or contraband.

14. The decision to arrest plaintiffs was objectively unreasonable under the circumstances known at the time, and at no time did defendants have probable cause to seize, detain or arrest any of the plaintiffs, nor was it reasonable for the defendants to believe that such cause existed.

15. At no time did either of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the illegal, unlawful and unconstitutional conduct engaged in by either of these defendants or their fellow officers against the two plaintiffs.

16. While plaintiffs were being held by defendants, the Kings County District Attorney's Office reached a determination that neither plaintiff should be prosecuted, and formally declined to prosecute either plaintiff.

17. Both plaintiffs were later released from defendants' custody without being criminally charged.

18. The defendants' illegal, unlawful, and unconstitutional actions against the plaintiffs in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number

of arrests made without regard to probable cause.

19. More precisely, under the above-mentioned plan or policy, New York City Police Officers were under pressure to make a certain amount of arrests and issue a certain number of criminal summonses every month, regardless of whether there was any factual basis for all of the charges.

20. In order to satisfy these quotas or activity levels, officers would routinely make arrests or issue summonses, regardless of whether probable cause existed, in order to satisfy their supervising officers.

21. The purpose of this plan or policy was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

22. The above-mentioned plan or policy has been kept in effect from, at least, 2006 through, at least, the date of plaintiffs' arrests, despite the municipal defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests, or that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges or continued prosecution if charges were filed.

23. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

24. Plaintiffs repeat the allegations contained in the preceding paragraphs above as though stated fully herein.

25. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

26. By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to false arrest and imprisonment, and unlawful searches of person and property, and thereby violated and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

27. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

28. Plaintiffs repeat the allegations contained in the preceding paragraphs above as though stated fully herein.

29. The defendants' actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

30. As the municipal defendant has instituted and maintained a policy of

setting activity goals that function as quotas, it is responsible for the inevitable arrests made without probable cause by officers who are obligated to reach said goals.

31. The purpose of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

32. In addition, members of the NYPD are evaluated, at least in part, on the basis of their "activity" which is measured, in relevant part with respect to patrol officers, by the number of arrests made and criminal summonses issued, and other, similar criteria. Thus, members of the NYPD routinely make arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

33. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated: New York, New York
       January 20, 2015

                          LUMER & NEVILLE
                          Attorneys for Plaintiffs
                          225 Broadway, Suite 2700
                          New York, New York 10007
                          (212) 566-5060

                          _____
                          Michael Lumer, Esq. (ML - 1947)